IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ALBERT JUNIOR CRAFT**                                                            **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 2:04cv199-MTP**

**BRIAN LEWIS et al,**                                                **DEFENDANT**

## OPINION AND ORDER

This *pro se* matter filed by a state prisoner is before the court *sua sponte*. The plaintiff, Albert Junior Craft, is proceeding *in forma pauperis*. On April 14, 2005, the court held an omnibus hearing[1] in this matter and conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983.[2] The court now evaluates those claims pursuant 28 U.S.C. § 1915A and 18 U.S.C. § 1915 (e)(2).

Craft filed this petition while he was an inmate incarcerated in the South Mississippi Correctional Institution (SMCI) against defendants Laura Leigh Stewart, Brian Lewis, and Tanya Taylor.[3] The defendants are employees of the Mississippi Department of Corrections (MDOC).

In is original complaint [1], the plaintiff complained that certain of his legal papers were destroyed and that he witnessed beatings of other inmates. After allowing plaintiff to amend his complaint on several occasions to assert additional claims and to add other parties, the court dismissed with prejudice [11] plaintiff's claims regarding visitation, classification, and property deprivation. The plaintiff's claims of harassment and retaliation were dismissed without

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1995).

[2] At the hearing the parties consented to a United States Magistrate Judge to conduct any and all further proceedings in the case including the entry of a final judgment. [23], [24].

[3] Plaintiff's claims against Tanya Taylor were previously dismissed with prejudice by order of the district judge. [11]

prejudice.[4]  The plaintiff was also allowed to amend his complaint to include a new claim of denial of access to the law library and the court directed the clerk of court to issue summonses to defendants Brian Lewis and Laura Leigh Stewart.

On November 12, 2004, the defendants filed an answer [16] and the court set the matter for an omnibus or *Spears* hearing [21].  At the hearing on April 14, 2005, the court sought to clarify what, if any, claims remained unaddressed and the plaintiff appeared in person and testified under oath concerning his remaining claims.  *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (holding that a prisoner's testimony during a *Spears* hearing becomes a part of his pleadings).

At the hearing, the parties agreed that plaintiff's claim of denial of access to the law library was essentially moot.   The plaintiff had claimed that this alleged denial of access to legal materials had prevented him from appealing another matter to the United States Court of Appeals for the Fifth Circuit.  However, at the hearing, the parties agreed that the plaintiff was eventually allowed to proceed with his appeal and that this allegation was no longer at issue.

After clarification of the appeal matter, the plaintiff indicated that his next complaint involved his witnessing of beatings allegedly received by other inmates.  However, upon review of the District Judge's order of October 12, 2004 [11], the magistrate conducting the hearing advised the plaintiff that these claims had already been dismissed in that order.

Finally, plaintiff identified his last claim as one against defendant Tanya Taylor for allegedly destroying his legal work.  However, upon review of the District Judge's order of October 12, 2004 [11], the magistrate conducting the hearing advised the plaintiff that all claims

---

[4]Plaintiff's other claims regarding denial of participation in religious activities were voluntarily withdrawn in his Amended Complaint [10] filed September 24, 2004.

against Tanya Taylor had been previously dismissed.

Upon clarifying the prior dismissal of most of plaintiff's claims and upon concluding that the plaintiff's concerns about his appeal were now moot, the plaintiff indicated that he had identified and addressed all of his claims.  As the plaintiff's remaining claim is moot and his other claims were previously dismissed, the court finds that this matter should be finally DISMISSED WITH PREJUDICE and a final judgment entered.   A separate judgment will be entered by the court.

SO ORDERED AND ADJUDGED this the 27th day of April, 2007.

s/ Michael T. Parker
United States Magistrate Judge